IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY WAYNE DAY, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-3243-N-BT |
| v. | § | 3:11-CR-0277-N-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge

pursuant to the provisions of Title 28, United States Code, Section 636(b), as

implemented by an Order of the United States District Court for the Northern

District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence under

28 U.S.C. § 2255.  For the following reasons, the Court recommends that the

petition be dismissed.

Petitioner pleaded guilty to transporting and shipping child pornography

in violation of 18 U.S.C. § 2252(A).  On May 29, 2012, the district court sentenced

him to 180 months in prison.  He did not file an appeal.

On November 15, 2016, Petitioner filed the instant § 2255 petition.  He

argues he is entitled to a sentence reduction under Amendment 801 of the United

States Sentencing Guidelines ("U.S.S.G."), and that U.S.S.G. § 2G2.2(b) is unconstitutionally vague.

II.

Petitioner seeks a reduction of his sentence under Sentencing Guideline Amendment 801, which became effective November 1, 2016. Amendment 801 amended the language in the child pornography guidelines at U.S.S.G. § 2G2.2(b)(3) to "address[] differences among the circuits involving application of the tiered distribution enhancements in § 2G2.2 . . . . The circuits have reached different conclusions regarding the mental state required for application of the 2-level enhancement for "generic" distribution as compared to the 5-level enhancement for distribution not for pecuniary gain." U.S. Sentencing Guidelines Manual, Suppl. to App. C, Amendment 801 (U.S. Sentencing Comm'n 2016).

The motion to reduce sentence under Amendment 801 is not cognizable under § 2255 and should have been filed as a motion under 18 U.S.C. § 3582(c). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1994) (internal citation

omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

Moreover, even if Petitioner had properly filed his motion under 18 U.S.C. § 3582(c), the motion is without merit. The Sentencing Commission did not make Amendment 801 retroactive to convictions occurring prior to November 1, 2016. *See* U.S.S.G. § 1B1.10; *United States v. Childs*, ___ F. App'x ___, 2018 WL 400737 (5th Cir. Jan. 12, 2018) (stating district court was not authorized to reduce defendant's sentence under Amendment 801 because the Amendment was not listed as retroactively applicable under U.S.S.G. § 1B1.10(d)). The motion should therefore be dismissed.

## III.

Petitioner's claims under § 2255 are also time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)      the date on which the right asserted was initially recognized
         by the Supreme Court, if the right has been newly recognized
         by the Supreme Court and made retroactively applicable to
         cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims
         presented could have been discovered through the exercise
         of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment

becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's conviction became

final on June 12, 2012, when the time for filing an appeal expired. *See* Fed. R.

App. P. 4(b)(1) (providing fourteen days to file an appeal in criminal cases).

Petitioner then had one year, or until June 12, 2013, to file his § 2255 petition.

Petitioner did not file his petition until November 15, 2016. His petition is

therefore untimely under § 2255(f)(1).

Petitioner argues his petition is timely under § 2255(f)(3), which states

the limitations period runs from the date on which the right asserted was

initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases

on collateral review. Petitioner relies on the Supreme Court's decision in

*Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the

residual clause of the Armed Career Criminal Act ("ACCA") as

unconstitutionally vague.  Although Petitioner was not sentenced under the

ACCA, he argues that U.S.S.G. § 2G2.2(b) is likewise unconstitutionally vague.

Petitioner's claim is foreclosed by the Supreme Court's decision in

*Beckles v. United States*, ____ U.S. ____, 137 S.Ct. 886, 892 (2017).  *Beckles*

held that the sentencing guidelines are not subject to a challenge for

vagueness.  The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix
> the permissible range of sentences.  To the contrary, they merely
> guide the exercise of a court's discretion in choosing an
> appropriate sentence within the statutory range.  Accordingly,
> the Guidelines are not subject to a vagueness challenge under
> the Due Process Clause.

*Id*.  Petitioner's claim that his petition is timely under § 2255(f)(3) is therefore

without merit.

The one-year statute of limitations is subject to equitable tolling in "rare

and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see

also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts

must "examine each case on its facts to determine whether it presents sufficiently

'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*,

158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies

principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights.' "

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am.

President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  The movant bears the burden

of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

IV.

For the foregoing reasons, the Court recommends that the petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 be dismissed.

Signed February 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).